UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CMOORE HOLDINGS, LLC, an Idaho limited liability company,<br><br>                    Plaintiffs,<br><br>    v.<br><br>FIVE MILE ESTATES SUBDIVISIONS,<br>LOREN KAEHN, TERESA A. THAUT, and JOHN AND JANE DOES 1-23,<br><br>                    Defendant. | Case No. 1:18-cv-00048-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff CMoore Holdings, LLC,'s Motion for Summary Judgment and request to enter a Declaratory Judgment (Dkt. 12) pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201 et seq. The Court has reviewed Plaintiff's briefing and the Non-Opposition to this Motion filed by the Defendants Loren Kaehn and Teresa A. Thaut. For the reasons set forth below, the Court DISMISSES this case for lack of subject matter jurisdiction, thereby rendering Plaintiff's Motion moot.

## II. BACKGROUND

Plaintiff is the owner of real property located within the Five Mile Estates Subdivision at 3940 S. Summerset Way in Boise, Ada County, Idaho. After purchasing this property, Plaintiff began remodeling a home there for use as a residential assisted living facility. Shortly thereafter, Plaintiff received an email purportedly from a group of

homeowners in Five Mile Estates West Subdivision.[1] The email said that the homeowners objected to the operation of the assisted living facility in the Subdivision for several reasons, and claimed that such a facility violates the Protective Covenants and Restrictions ("CC&R's") for Five Mile Estates West Subdivision because it is not a "residential use" as defined therein. Defendant Loren Kaehn later admitted that he was the author of this email. Dkt. 13, at 3.

Around that same time, Plaintiff received telephone calls from unidentified residents of the Subdivision, some of whom threatened to file a lawsuit to stop the opening of the assisted living facility. Two of these callers have become known to Plaintiff as Defendants Teresa A. Thaut and Loren Kaehn.

Plaintiff filed its Complaint on January 1, 2018 and seeks entry of a declaratory judgment declaring that portions of the Five Mile Estates CC&R's violate the Federal Fair Housing Act insofar as they attempt to ban a residential assisted living facility for seniors who are handicapped and need assistance with the activities of daily living.

### III. LEGAL STANDARDS

Subject matter jurisdiction may be considered by the Court at any time. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter delineations must be policed by the courts on their own initiative even at the highest

---

[1] Five Miles Estates Subdivisions was initially named as a defendant in this matter. However, Plaintiff has described this entity as a "defunct home owner's association," (Dkt. 12-1, at 1), and has since voluntarily dismissed Five Miles Estates Subdivisions as a defendant (Dkt. 16).

level.")

In this case, Plaintiff seeks entry of declaratory judgment pursuant to the Declaratory Judgment Act, which permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. This "actual controversy" requirement is the same as the "case or controversy" requirement of Article III of the United States Constitution. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937). Therefore, the question of justiciability, and therefore of subject matter jurisdiction, is the same under § 2201 as it is under Article III.

The United States Supreme Court has given guidance as to when "an abstract" question becomes a "controversy" under the Declaratory Judgment Act:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Applying this standard, the Ninth Circuit has held that something less than an "actual threat" of litigation is required to meet the "case or controversy" requirement; instead, courts must focus on whether a declaratory plaintiff has a "reasonable apprehension" that he or she will be subjected to liability. *Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 944 (9th Cir. 1981).

As this Court previously explained:

> Unless an actual controversy exists, the District Court is without power to grant declaratory relief. . . . In actions seeking relief under the Declaratory Judgment Act, courts have declined to entertain cases in which it is too early to determine what harm, if any, will be suffered by the claimant. *See, e.g., California v. Oroville-Wyandotte Irrigation District*, 409 F.2d 532 (9th Cir. 1969). Courts, however, "have not hesitated to issue a declaration if 'one or both parties have taken steps or pursued a course of conduct which will result in 'imminent'; and 'inevitable' litigation." 10B Wright, Miller & Kane, Federal Practice and Procedure § 2757 (3d ed. 1998) (quoting *Bruhn v. STP Corp.*, 312 F. Supp. 903, 906 (D. Colo. 1970)).

*White v. Valley County*, Case No. 1:09-cv-494-EJL-CWD, 2011 U.S. Dist. LEXIS 113377, at *52-53 (D. Idaho Sep. 30, 2011).

## IV. ANALYSIS

Upon review of the record, the Court finds that this matter does not present a case of actual controversy at this time, as required by the Declaratory Judgment Act. Central to this finding is the Court's determination that litigation does not seem imminent or inevitable if Plaintiff pursues its plan to open an assisted living facility.

While the Court recognizes that certain members of the neighborhood have threatened to pursue litigation, only Defendants Loren Kaehn and Teresa Thaut have been specifically identified as individuals that have made such threats—and Mr. Kaehn has admitted that he authored the email Plaintiff received stating that residents of the subdivision objected to Plaintiff's plan to operate an assisted living facility. As Kaehn and Thaut have now filed a joint notice of non-opposition, the Court is left without any indication that litigation is imminent or inevitable at this time.

Admittedly, other parties—relying on the restrictive covenant at issue in this matter—could bring litigation arguing that Plaintiff's facility does not constitute a "single

family dwelling," as set forth in the covenant. However, because the Court is unaware of any specific opposition that remains, the Court finds that this matter does not currently constitute a "case of actual controversy."

## V. ORDER

The Court hereby orders:

1. This case is DISMISSED WITHOUT PREJUDICE due to lack of subject matter jurisdiction.

2. Plaintiff's Motion for Summary Judgment and request to enter a Declaratory Judgment (Dkt. 12) is DISMISSED as MOOT.

3. The Clerk of Court is directed to close this case.

DATED: June 5, 2019

David C. Nye
Chief U.S. District Court Judge